IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS P. McLAUGHLIN,             )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )   Civil Action No. 10-1560
                                  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                )

O R D E R

AND NOW, this 22nd day of February, 2012, upon consideration of Defendant's Motion for Summary Judgment (document No. 10) filed in the above-captioned matter on June 8, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 8) filed in the above-captioned matter on May 7, 2011,

IT IS HEREBY ORDERED that said Motion is GRANTED. This matter is hereby remanded to the Commissioner of Social Security for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

An Administrative Law Judge ("ALJ") must provide a sufficient basis of factual analysis for a district court to provide "meaningful judicial review." Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 93 (3d Cir. 2007) (quoting Burnett v. Comm'r of Soc. Sec.

Admin., 220 F.3d 112, 119 (3d Cir. 2000)). In this instance, the Court was denied such an opportunity for meaningful review. In finding that Plaintiff was not disabled, the ALJ relied upon treatment notes of Dr. Denisa Firoiu purportedly contained in Exhibit 5F. (R. 17). Unfortunately, Exhibit 5F does not refer to Plaintiff, but to another individual, and was removed from the record.[1] (R. 176-78). Because the ALJ's findings rely on evidence not in the record, and apparently not relevant to this case in any way, the Court cannot find that substantial evidence supports those findings. Indeed, the ALJ did not merely reference Exhibit 5F; he relied on that exhibit in discounting the opinion of Dr. Cynthia Peterson-Handley, Ph.D., set forth in Exhibit 7F.

Accordingly, this case must be remanded to clarify the record. Moreover, although the Court does not reach the other issues raised by Plaintiff, the Court does note that the ALJ failed to make any reference to Exhibit 12F, which contained medical evidence from Plaintiff's treating sources. On remand, the ALJ should clarify the impact of this evidence on his findings.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

[1] It is also unfortunate that neither party raised this issue in their motions or briefs, further preventing the Court from providing meaningful review.

2